IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY TESCH,

    Plaintiff,

vs.                                                                                 Civ. No. 19-978-KG-KBM

ROBERT PEROZYNSKI, *Assistant District Attorney,* and
RAYMOND L. ROMERO, *Assistant District Attorney*,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). Also before the Court are his motions to proceed *in forma pauperis* and for a jury trial. (Doc. 2, 3). Plaintiff seeks damages on the ground that his state criminal sentence is illegal. Having reviewed the matter *sua sponte*, the Court concludes the claims fail as a matter of law. The Court will dismiss the Complaint with prejudice.

    I.      Background

       Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF). (Doc. 1) at 1. The Complaint alleges he was convicted of some unspecified crime in New Mexico's Fifth Judicial District Court. *Id*. The state criminal docket reflects that in 2009, a jury convicted Plaintiff of criminal sexual contact of a child under thirteen. (Judgment) in Case D D-503-CR-2009-00047; *see also United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (courts may take judicial notice of another docket). Although Plaintiff does not indicate what sentence he received, he contends the sentence exceed the "maximum authorized by the New Mexico constitution." (Doc. 1) at 2. It appears the sentence includes an aggravating-circumstance enhancement under N.M.S.A. § 31-18-15.1(D). *Id.* at 4. Plaintiff alleges the enhancement

rendered the sentence illegal.  *Id.*  He also contends the state prosecutors should have notified him about the enhancement five days prior to trial.  *Id.* at 3.  Plaintiff may intend to argue that, had he known about the potential enhancement, he would have entered a plea.  *Id.* at 3, 5.

Based on these facts, the Complaint raises claims for due process violations, false imprisonment, "deliberate indifference" to the allegedly illegal sentence.  (Doc. 1) at 2-6.  The Complaint names Assistant District Attorneys Robert Perozynski and Raymond Romero.  *Id.* at 1, 2.  Plaintiff seeks $150,000 in damages under 42 U.S.C. § 1983.  *Id.* at 7.  Along with the Complaint, Plaintiff filed motions to proceed *in forma pauperis* and for a jury trial.  (Docs. 2, 3).  His financial information reflects he is unable to prepay the $400 filing fee.  (Doc. 2) at 1-2.  Hence, the Court will grant the *in forma pauperis* motion and waive the initial partial payment.  As to the motion for a jury trial, the Court will deny such relief as premature.  (Doc. 3).

II.     Standards Governing *Sua Sponte* Review of the Complaint

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  To survive initial review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

III.   Discussion

The crux of Plaintiff's Complaint is that Defendants recommended an illegal sentence in violation of Section 1983.  (Doc. 1) at 3-5.  However, state and federal prosecutors are absolutely immune from Section 1983 suit for actions "taken in connection with the judicial process."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  This includes initiating a prosecution, presenting evidence, and participating in sentencing proceedings.  *See Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009); *Blair v. Osborne,* 777 Fed. App'x 926, 929 (10th Cir. 2019) (immunity applies to prosecutor's improper "statements at the sentencing hearing").  Plaintiff therefore cannot sue Perozynski or Romero, even if they failed to disclose an enhancement or recommended an illegal sentence.

Even if Plaintiff could successfully sue the Defendants, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence.  *Id.* at 487.  The state criminal docket reflects that Plaintiff's criminal judgment has not been vacated and remains intact.  *See* Case No.

D-503-CR-2009-00047 (denying post-conviction relief in 2019).  Compensating Plaintiff for any illegal sentence would clearly imply that the state criminal judgment is invalid.  *See Denney v. Werholtz*, 348 Fed. App'x 348, 351 (10th Cir. 2009) (affirming application of *Heck* to § 1983 claim challenging an "indeterminate [state] sentence"); *Baldwin v. O'Connor*, 466 Fed. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of ... constitutional rights by ... the deputy district attorney").

For these reasons, the Complaint fails to state a claim upon which relief can be granted.  The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IV.     The Court Declines to *Sua Sponte* Invite an Amendment

*Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  Here, amending the Complaint clearly would be futile.  As a matter of law, Plaintiff cannot recover money damages from the parties responsible for his state sentence.  The Court also cannot modify a state sentence in a Section 1983 action.  Challenges to a state sentence must be brought in a 28 U.S.C. § 2254 habeas proceeding.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Plaintiff filed a Section 2254 proceeding on January 10, 2020, which is still pending.  *See Tesch v. Santistevan,* 20-cv-030 RB-GJF.  Hence, the Court declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

IT IS ORDERED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted, and the initial

   partial payment is waived.

2. Plaintiff's Motion for a Jury Trial (Doc. 3) is denied.

3. Plaintiff's Civil Rights Complaint (Doc. 1) is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE